
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 5:12CR00014-5 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SANTONIO LENORD MINUS ) | By: Michael F. Urbanski |
|     Defendant. ) | United States District Judge |

Santonio Lenord Minus, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Minus alleges that his counsel told him that he qualified as a career offender, prompting his decision to proceed to trial. By order entered June 8, 2016, the court concluded that it was unable to resolve the issue on the briefs and ordered an evidentiary hearing. Following that hearing, and after reviewing the record and briefs from Minus and the government, the court concludes that Minus has not stated any meritorious claims for relief under § 2255 and that the government's motion to dismiss must be granted.

I.

On April 19, 2012, a federal grand jury indicted Minus and co-defendants in a 29-count indictment. Minus was charged with conspiring to distribute and manufacture 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and six counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The court appointed counsel for Minus. During the course of representation, counsel and the government negotiated a plea agreement in which Minus would agree to plead guilty to the conspiracy charge and one count of distribution of cocaine and the government would agree to dismiss the remaining charges. The plea agreement neither stipulated a guideline range nor suggested that Minus was a career offender.

Resp. § 2255 Mot. Ex. A. at 7, ECF No. 601-1. Minus rejected the plea offer and proceeded to trial. The jury returned a guilty verdict on the conspiracy charge and five of the six distribution charges.

Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared and concluded that Minus' total offense level was 34 and his criminal history category was V, resulting in an advisory guideline range of 235 to 293 months' incarceration. Counsel filed a sentencing memorandum requesting a downward departure from his sentencing range to "ten years or more" based on Minus' relatively minor role in the conspiracy and the more limited drug weigh for which he was directly responsible. Sent. Mem. at 13, ECF No. 498.

The court held a sentencing hearing on May 22, 2013, and adopted the PSR. The court varied downward because Minus played a lesser role than some of his co-defendants in the conspiracy and because he had no prior drug convictions, and sentenced him to 180 months. Sent. Hr'g Tr. at 52, ECF No. 550.

Minus appealed asserting that the evidence was insufficient to establish either his guilt or his drug-weight responsibility. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. Minus filed the instant § 2255 motion, arguing that his trial counsel provided ineffective assistance because she told him that he qualified as a career offender, which prompted him to go to trial. In fact, he did not qualify as a career offender and he argues that had he known that, he would have accepted a guilty plea. Minus attached an affidavit to his § 2255 motion, in which he avows that he learned that he was not a career offender only post-conviction, after reviewing his PSR. Aff. ¶ 8, ECF No. 580-2. The government responded, and based on an affidavit from Minus' counsel, argued that counsel told him well before trial that he did not qualify as a career offender.

2

On August 19, 2016, the court held an evidentiary hearing to resolve this factual dispute. At the hearing, Minus testified that his counsel told him, early in the proceedings, that he was a career offender but did not explain why she believed he qualified as a career offender or what effect being a career offender would have on his sentence. He referenced a June 29, 2012 letter that counsel sent to him shortly after she began her representation of Minus that stated "I have also indicated to you that with your criminal record, it is likely that you will qualify for a career offender enhancement of your sentencing guideline amount, and this career offender classification will substantially increase the length of your prison sentence." § 2255 Ex. 3 at 4, ECF No. 580-3. He also stated that counsel never reviewed his PSR with him and only at sentencing did he find out that his guideline range was 235 to 293 months. In addition, he testified that at the date of his sentencing he still believed that he qualified as a career offender. Minus claimed that at sentencing, counsel told him for the first time that the government had proposed a plea offer of ten years and that had he known about that plea offer, he would have accepted it.

Minus' trial counsel also testified. She stated that in an abundance of caution early in the case, she sent the letter to Minus informing him that he would "likely" qualify as a career offender based on information that she received from the government. But she soon realized that he did not qualify as a career offender and told him so during the first three or four meetings with him. Counsel testified that by July 20, 2012, the career offender enhancement was "off the table" and she did not mention it in any further correspondence with Minus because it was a non-issue and he knew that the enhancement did not apply to him. Counsel also testified that she reviewed the PSR with Minus prior to sentencing. She stated that she never received a proposed ten-year plea agreement from the government. She received one written plea agreement, which

3

she conveyed to Minus, but he had no interest in accepting it or pleading guilty at all. Counsel testified that in negotiating the plea agreement, she requested an extension of time to respond to it and confirmed with the government at that time that Minus was not a career offender. In response to questioning by the court, the Assistant United States Attorney noted that he had no recollection of a ten-year plea offer. Counsel testified that at sentencing she told Minus that she hoped the court would downwardly depart and give him between a ten and fifteen year sentence.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Minus bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at

4

687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Strickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Minus' claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

Minus first asserts that his trial counsel provided ineffective assistance because counsel told him that he qualified as a career offender when, in fact, he did not so qualify. He argues that had he known that he was not a career offender, he would have pleaded guilty instead of going to trial. Defendants are entitled to effective assistance of counsel throughout pre-trial proceedings, including plea negotiations. Padilla v. Kentucky, 559 U.S. 356, 364 (2010). Counsel provides effective assistance by presenting a defendant with information sufficient for the defendant to make a "voluntary and intelligent choice among alternative courses of action." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). Accordingly, counsel has a responsibility to investigate and inform a defendant about his possible sentence exposure so that he can make an informed decision about whether to plead guilty. Manley v. United States, 588 F.2d 79, 81 (4th Cir. 1978).

The court does not find credible Minus' testimony at the evidentiary hearing that throughout the pretrial, trial and sentencing proceedings, counsel continued to advise Minus that

5

he was subject to a career offender enhancement. The court finds more plausible counsel's version of events: that she told Minus early in the pre-trial proceedings that he was not a career offender. This testimony is bolstered by the record. The written proposed plea agreement from the government did not suggest that Minus would be considered a career offender. Moreover, counsel's time log supports her testimony that in negotiating the plea agreement, she confirmed that Minus did not qualify as a career offender. Evid. Hr'g Ex. 5 at 2, ECF No 665 (noting that counsel talked to the Assistant United States Attorney "re plea deadline, career off"). The court credit's counsel's testimony that she never wrote a letter to Minus telling him that he did not qualify as a career offender because she told him in person and by July 20, 2012, it was no longer an issue in the case as the government had recognized that the designation did not apply to Minus.

Minus also argues that counsel never relayed to him a potential plea agreement from the government providing for a ten-year sentence. He testified at the evidentiary hearing that counsel told him of the plea only at sentencing when it was too late for him to accept it, but that had he known the plea offer existed, he would have accepted it. Counsel must inform defendants of plea offers from the government. See Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012) ("This Court now holds that, as a general rule, defense counsel has the duty to communicate the terms of a formal offer to accept a plea on terms and conditions that may result in a lesser sentence, a conviction on lesser charges, or both). If counsel fails to communicate a plea offer, this may constitute ineffective assistance of counsel. Id.

The court, however, does not find credible Minus' testimony that counsel failed to inform him of a ten-year plea agreement from the government. There is no evidence that such a plea agreement ever existed. Both the government and counsel stated at the evidentiary hearing that a

6

ten-year plea agreement was not offered. Nonetheless, the court asked the government and counsel to review their files following the hearing, to determine whether there was any evidence of a possible ten-year plea agreement, and both have responded that they have found none. Resp. to Court Order at 1, ECF No. 667. It is possible that Minus took counsel's statement at sentencing that she was requesting that the court downwardly depart and sentence him to ten or fifteen years' incarceration as a potential plea offer from the government. In any case, the court finds that there was no ten-year plea offer provided to Minus by the government. Accordingly, counsel was not remiss in failing to relay this non-existent offer to Minus. Strickland, 466 U.S. at 687 (requiring for an ineffective assistance of counsel claim that "the defendant must show that counsel's performance was deficient").

Finally, Minus asserts that counsel failed to review with him his PSR prior to sentencing. Before imposing a sentence, a court must "verify that the defendant and the defendant's counsel have read and discussed the presentence report." Fed. R. Crim. P. 32(c)(3)(A); United States v. Lockhart, 58 F.3d 86, 88 (4th Cir. 1995). At sentencing, the court asked counsel whether she had had an opportunity to review the PSR, and she answered that she had. Sent. Hr'g. Tr. at 3, ECF No. 550. When Minus was given the opportunity to address the sentencing court, he never indicated that he had not reviewed his PSR; instead he asked the court to sentence him to a low sentence because he had not played a major role in the conspiracy. Id. at 43-46. In addition, at the evidentiary hearing, counsel testified that she met with Minus to discuss the PSR as well as possible objections. Counsel's time log supports her testimony and indicates that she met with Minus on April 22, 2013, and discussed the PSR and possible objections with him. Evid. Hr'g Ex. 5 at 8, ECF No 665. Accordingly, the court concludes that counsel did review the PSR with Minus.

7

Because the court credits Minus' counsel's testimony that she (1) told him that he did not qualify as a career offender early in the pre-trial proceedings, (2) discussed with him the only potential plea agreement provided by the government and (3) reviewed the PSR with him, Minus cannot establish either that counsel provided deficient performance or that he was prejudiced by her conduct. Strickland, 466 U.S. at 687.

### III.

For the reasons stated herein, the court will grant the government's motion to dismiss. An appropriate order will be entered this day. Because Minus has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability will be denied.

ENTER: This 26 day of October, 2016.

/s/ Michael F. Urbanski
United States District Judge