IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA. ) | |
| ) | |
| ) | Criminal Action No. 5:12-cr-00014 |
| v. ) | |
| ) | |
| SANTONIO LENORD MINUS, ) | By: Michael F. Urbanski |
| Defendant ) | Chief United States District Judge |
| ) | |

## MEMORANDUM OPINION

This matter comes before the court on a motion for compassionate release filed by Santonio Lenord Minus on January 4, 2023, pursuant to 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 788. The Federal Public Defender was offered an opportunity to file a supplemental motion but declined to do so. ECF. No. 793. The government filed a response to the motion on April 17, 2023. Resp., ECF No. 795. As discussed more fully below, the court **DENIES** Minus's motion for compassionate release.

**I.     Background**

On April 19, 2012, Minus was charged with the following seven counts of a twenty-nine count indictment: one count of conspiracy to distribute and manufacture 500 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), and six counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts 23, 24, 25, 26, 27, 28). Sealed Indictment, ECF No. 3. On November 1, 2012, Minus was convicted by a jury on Counts 1, 23, 24, 25, 27, and 28. Jury Verdict, ECF No. 331. On May 24, 2013, Minus was sentenced to 180 months of imprisonment on each count, to be served concurrently, and to be followed by 5 years of supervised release. J., ECF No. 506.

Minus filed a direct appeal and the Fourth Circuit affirmed his conviction on June 19, 2014. ECF Nos. 511, 564. On March 6, 2015, Minus filed a § 2255 petition and on March 9, 2015, he filed a motion to reduce sentence pursuant to Amendment 782. ECF Nos. 580, 581. Both of these motions were denied. ECF Nos. 595, 674. The Fourth Circuit affirmed the dismissal of the § 2255 petition. J., ECF No. 702. On August 20, 2018, Minus filed a pro se motion to reduce his sentence under Amendment 750 which was denied on October 15, 2018. ECF Nos. 749, 751. Minus currently is incarcerated at Miami Residential Reentry Management in Florida and has a projected release date of April 3, 2024.[1]

Minus seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he needs to be released to help care for his children, ages 17 and 12, as they both suffer from obesity and depression. He also asserts that that his fiancée, who is currently caring for the children, has had a recent health scare and needs surgery. Finally, he argues that his rehabilitation while incarcerated warrants compassionate release.

**II.     Compassionate Release**

The compassionate release statute as amended by the First Step Act of 2018 authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not

---

[1] https://www.bop.gov/inmateloc// (search "Santonio Minus") (last viewed Feb. 28, 2024).

>exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Accordingly, Minus's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

### A. Exhaustion Requirement

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Minus states that he has "requested a compassionate release from the Federal Bureau of Prisons to no avail." ECF No. 788, at 1. The Government contests that Minus exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A), stating that it was unable to find a record of such request. ECF No. 795, at 3. The court does not have on record anything showing that a request was or was not filed with the Federal Bureau of Prisons. However, because exhaustion is

non-jurisdictional, and because it is clear that Minus is not entitled to compassionate release, the court will address the merits of Minus's motion.

### B. Fiancée's Incapacitation and Caring for Minor Children

The United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling reasons" warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG). The revised guidelines will be applied to Minus's motion.

Under the revised guidelines, to demonstrate an extraordinary and compelling reason for a sentence reduction based on family circumstances a defendant must show the following:

> **(3) Family Circumstances of the Defendant.—**
>
> **(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> **(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> **(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

USSG § 1B1.13(b)(3).

Minus claims he is entitled to a sentence reduction so that he can be released to care for his fiancée and his minor children. Under the revised guidelines, a defendant may be able to show an extraordinary and compelling reason for a sentence reduction upon producing evidence that his "spouse or registered partner" or "other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member" is incapacitated and the defendant would be "the only available caregiver for such family member or individual." USSG § 1B1.13(b)(3)(B) & (D).

Minus asserts that his fiancée has "no assistance" in raising their sons and currently is experiencing health issues which require surgery. However, Minus fails to assert that his fiancée is incapacitated, or that there is no one available to take care of her or their minor children. Without doing so, Minus cannot make the required showing under the guideline that (1) his minor children are left without a caregiver, or (2) his fiancée needs him to be her caregiver. The only information provided is that his fiancée needs surgery, which is insufficient under the guideline. See United State v. Kellam, No. 5:06-cr-00041-7, 2024 WL 47023, at *4 (W.D. Va. Feb. 7, 2024) (Dillon, J.) ("[T]he only information she provides about her fiancé is that he is having a kidney transplant. . . . Thus, she has not set forth extraordinary and compelling circumstances based on her family circumstance. . . .") and United States v. Guerrant, No. 7:19-cr-00039, 2024 WL 69825, at *3 (W.D. Va. Jan. 5, 2024) (Dillon, J.) (denying relief in part because the defendant made no allegation that his mother was incapacitated or that he was her only caregiver).

Although the court is sympathetic to Minus's situation and appreciates his desire to care for his fiancée and his children, he has not made a showing that his fiancée is incapacitated or that he is his children's only available caregiver. Accordingly, his motion for a sentence reduction to take care of his fiancée and children is **DENIED**.

### C. Rehabilitation

Minus asserts that he has learned from his mistakes and has progressed in rehabilitation. He asserts he has had no disciplinary charges while incarcerated, that he is actively attending programs, and that he is currently in a drug abuse education program.

The court is impressed with Minus's rehabilitation and progress while incarcerated. However, rehabilitation alone is not sufficient to provide an extraordinary and compelling reason for compassionate release. USSG § 1B1.13(d) ("Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). As Minus has not otherwise shown that he is entitled to compassionate release, the court cannot grant his motion based on his rehabilitation.

## III. Conclusion

For the reasons stated, the court is unable to conclude that Minus has shown an "extraordinary and compelling" reason for finding him eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[2] Therefore, the court **DENIES** Minus's motion for compassionate

---

[2] As Minus has not shown an extraordinary and compelling reason for compassionate release, the court will not address the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")

release, ECF No. 788. The Clerk is **DIRECTED** to send a copy of this opinion and the accompanying order to Minus.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: March 4, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.04 17:27:41
-05'00'

_____

Michael F. Urbanski
Chief United States District Judge