IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

8/3/2026

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

UNITED STATES OF AMERICA  )
                          )
v.                        )   Case No. 5:12cr14
                          )
SANTONIO LENORD MINUS,    )
                          )   By: Michael F. Urbanski
        Defendant         )   Senior United States District Judge

## MEMORANDUM OPINION

This matter is before the court on defendant Santonio Lenord Minus's pro se motion for early termination of supervised release. ECF No. 811. For the reasons stated below, the court **GRANTS** Minus's motion.

On November 1, 2012, a jury convicted Minus on six counts related to distribution of crack cocaine. Verdict Form, ECF No. 331; Indictment, ECF No. 3. On May 22, 2013, the court sentenced Minus to 180 months, to be followed by 5 years of supervised release. Am. J., ECF No. 521. Minus was released from custody in April 2024 and has now served more than two years of his term of supervised release.

In his motion, Minus tells the court that during his term of incarceration he was never charged with a disciplinary infraction and that since being released, he has been fully compliant with the terms of supervision. He maintains consistent communication with his probation officer, has followed all directives from the officer, and has tested negative for drugs. He has been employed as a forklift operator for the past year and has focused on strengthening his role as a provider for his fiancée and his children.

The court sought input from the United States Probation Officer supervising Minus, who confirmed that Minus has complied with all terms of supervision. The probation officer noted that Minus had two prior convictions for domestic battery, but the incidents occurred approximately twenty years ago and there has not been an established period of violence since that time. The officer stated that overall, Minus has demonstrated positive reintegration into the community and has reached the maximum benefit of supervision. The officer is not opposed to early termination of supervision for Minus.

The government is opposed to early termination for Minus, based on the two convictions for domestic battery and assault. Resp., ECF No. 815.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing

2

Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Minus was convicted as part of a large conspiracy to distribute crack cocaine in the Western District of Virginia. The court is familiar with the damage done to the community by distribution of crack cocaine and this factor weighs against early termination of supervision.

3

Regarding his history and characteristics, Minus was raised by a single mother who was employed as a farm worker. Starting when he was a young man, Minus smoked marijuana mixed with crack cocaine, and after the brutal murder of his sister, he began using the combination of substances daily. Pre-Sentence Investigation Report (PSR), ECF No. 509 ¶ 66, 70. His criminal history, while lengthy, was non-violent except for one conviction for domestic battery in 2006 when he was 25, and one conviction for assault in 2008 when he was 27, for which he served a total of two days. Id. ¶¶ 37–47. As set forth above, Minus tells the court that he had no disciplinary incidents while incarcerated and it is indisputable that he has done well on supervision. While the court takes the convictions for battery and assault seriously, overall, Minus's history and characteristics weigh in favor of early termination of supervision.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, it is the opinion of Minus's probation officer that he has reached the maximum benefit of supervision. Accordingly, it does not appear that having Minus remain on supervision will provide a benefit to him or to the public at this point.

Regarding the established sentencing range for the category of Minus's offenses, he was sentenced to the minimum term of supervision on Count 1 (five years) and to the minimum term of supervision on the remaining counts (three years), to run concurrently. The fact that Minus was sentenced to the statutory minimum terms of incarceration and supervised release are neutral factors in determining whether his term of supervised release should be terminated early. None of the remaining § 3553(a) factors weigh in favor or against early termination of supervised release.

Considering the relevant § 3553(a) factors as a whole, the court finds that they weigh in favor of early termination for Minus. Accordingly, the court **GRANTS** Minus's motion for early termination of supervised release, ECF No. 811.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 3, 2026

Michael F. Urbanski
Senior United States District Judge